UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-23624-CIV-UNGARO

WENDY BUTTON,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.

    Defendant

_____/

**DEFENDANT ROYAL CARIBBEAN CRUISES LTD'S
MOTION IN LIMINE TO LIMIT TESTIMONY OF
PLAINTIFF'S TREATING PHYSICIAN MICHAEL ZAHN M.D.**

**COMES NOW** Defendant ROYAL CARIBBEAN CRUISES LTD. (hereinafter "RCCL"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure and Federal Rules of Evidence, and hereby respectfully moves for an Order to limit the tesimony of Plaintiff's treating physician Michael Zahn, M.D. and in support states:

    1. This is a personal injury action wherein Plaintiff Wendy Button alleges that while she was a passenger onboard the *Freedom of the Seas* she suffered personal injuries due to the alleged negligence of the Defendant. [D.E. 1]. More specifically, Ms. Button alleges Defendant RCCL negligently sailed into the path of severe weather which caused the ship to move resulting in Plaintiff's Button's alleged fall and shoulder injury. *Id.*

    2. Plaintiff Button has identified her treating physician, Michael Zahn, M.D., as an expert witness. [D.E. 45]

    3. On or about May 31, 2013, Plaintiff filed her Supplemental Expert Witness Rule 26 Disclosures. Pertinent portions of Plaintiff's Supplemental Expert Witness Rule 26 Disclosures

are attached as Exhibit 1.

4. In addition to a name and business address, Plaintiff's entire Rule 26 disclosure relating to Dr. Zahn reads:

> Dr. Zahn is Plaintiff's treating physician and orthopedic surgeon. Dr. Zahn is expected to testify regarding his medical care, treatment, diagnosis, surgery performed and services he rendered to Plaintiff as a result of the subject accident. The surgery performed by Dr. Zahn will be explained in detail. Dr. Zahn is also expected to opine on the post-surgical recovery, recommendations, physical limitations, permanent nature, disability, short term and long term consequences as a result of Plaintiff's shoulder injury and surgery. Dr. Zahn is also expected to testify regarding the cost of medical services provided to Plaintiff and other medical providers incurred by Plaintiff as part of her medical care and treatment following this accident. Dr. Zahn's testimony will be based on his review of all of Plaintiff's medical records, operative reports, depositions, diagnostic films, MRI reports and his personal knowledge, training, education and experience. Copies of Ms. Button's medical records, bills, and reports have been previously provided to counsel and are not being sent at this time. A copy of Dr. Zahn's fee schedule is attached.[1]

Ex. 1.

5. Plaintiff also produced Dr. Zahn's *curriculum vitae* (*Id.* at 4-6) and approximately 70 pages of medical records. *Id.* at 7-76. Included in these medical records are records authored by other medical providers, including records from Centrex Clinical Laboratories (*Id.* at 28-31), Dr. Jianye Teng of FSLHC – ACP Whitesboro Medical Office (*Id.* at 33-39), Fitness Forum (physical therapy) (*Id.* at 72), Susan Kantor PT (*Id.* at 52-53, 58) and an MRI report from ACP Whitesboro Medical Office read by radiologist Maurice Oehlsen, M.D. (*Id.* at 73-74).[2]

6. Plaintiff did not produce Dr. Zahn's prior history of deposition and trial testimony nor did Plaintiff produce a statement of compensation to be paid to Dr. Zahn.

7. On or about June 13, 2013, Defendant wrote to Plaintiff and advised that Dr. Zahn's expert disclosure was "insufficient to the extent Dr. Zahn is expected to testify as an expert."

---

[1] A copy of Dr. Zahn's fee schedule was not attached to Plaintiff's Rule 26 supplemental expert disclosures.
[2] Additionally, some of the records produced from Dr. Zahn's office are duplicative. *See, e.g.*, Office note dated 8/6/2012 (*Id.* at 8, 56) and Office note dated 9/17/2012 (*Id.* at 9, 59).

Defendant's correspondence of June 13, 2013 is attached as Exhibit 2. Defendant requested proper disclosures as required by Rule 26 pertaining to Dr. Zahn.

8. On or about June 19, 2013, Plaintiff asked Defendant to clarify "what specifically" is insufficient about the disclosure. Plaintiff's correspondence of June 19, 2013 and Defendant's Reply thereto are attached as Exhibit 3.

9. The same day, Defendant responded to Plaintiff in pertinent part as follows:

To the extent Dr. Zahn is going to testify as an expert – testimony of information outside of his personal knowledge – he must provide us with expert disclosures per Rule 26. The purpose of expert disclosures is to put the Parties on notice of the actual opinions which are expected from each expert at trial. **Instead of giving us the actual opinions, you have provided us with only a list of general topics of testimony – this is insufficient. To the extent Dr. Zahn will testify as an expert, Plaintiff must provide us with – at a minimum – the substance of each of Dr. Zahn's anticipated opinions related to each topic listed in the May 31 disclosure and the grounds for each.** Additionally, we have not been provided with a prior case history or compensation information for Dr. Zahn. Please provide us with this information in the next 10 days so that we will be able to avoid Court intervention.

Ex. 3 (emphasis added).

10. No expert report for Dr. Zahn has ever been produced to Plaintiff and, to date, Plaintiff has not supplemented Dr. Zahn's expert disclosure.

11. Dr. Zahn was not deposed in this matter.

12. Plaintiff's expert disclosures are insufficient to the extent Dr. Zahn is anticipated to testify regarding Plaintiff's future "post-surgical recovery, recommendations for future care, physical limitations, permanent nature, disability, short term and long term consequences" of the shoulder injury and surgery and the cost of medical services provided by other medical providers. Plaintiff has failed to comply with the letter and spirit of the Rule 26 expert disclosures. Instead of fairly putting Defendant on notice of the anticipated substance of Dr. Zahn's actual opinions, Plaintiff has produced a laundry list of topics. As such, Dr. Zahn should

be precluded from testifying on these expert issues.

## MEMORANDUM OF LAW

### I. PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING ANY EXPERT TESTIMONY NOT DISCLOSED

Plaintiff should be precluded from presenting any expert testimony not properly disclosed pursuant to this Court's Trial Order [D.E. 10] and Federal Rule of Civil Procedure 26. All discovery in this matter must have been completed by June 7, 2013. [D.E. 51]. In fact, the Court's Trial Order specifically stated, "ALL EXPERT DISCOVERY MUST BE COMPLETED BY THE DISCOVERY CUT-OFF…. THE CONTENT OF THE EXPERT DISCLOSURES MUST CONFORM TO THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 26." [D.E. 10] (emphasis from original omitted).

Rule 26(a)(2)(B) requires a written report from retained experts which includes a complete statement of all opinions to be expressed and the basis and reasons for the opinions; all facts or data considered in forming the opinions; all exhibits used as a summary of or in support of the opinions; qualifications of the expert; a statement of fees to be paid to the expert; and a list of other cases in which the expert's services were utilized signed by each retained expert witness. FED. R. CIV. P. 26(a)(2)(B). Alternatively, for 'non-retained' experts Rule 26(a)(2)(C) requires disclosure of the subject matter and a summary of the facts and opinions to which the witness is expected to testify. FED. R. CIV. P. 26(a)(2)(C).

Federal Rule of Civil Procedure 37(c)(1) provides the sanctions a Court can impose for failure to comply with the expert disclosure requirements. Rule 37(c)(1) states in pertinent part that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence… at trial,

unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1); *see also Sur. Assocs., Inc. v. Fireman's Fund Ins. Co.*, 2003 U.S. Dist. LEXIS 27559 (M.D. Fla. 2003) (finding that Rule 37 was self-executing with respect to plaintiff's failure to comply with disclosure requirements of Rule 26 and precluding testimony by undisclosed experts); *De Armas v. Miabraz LLC.*, 2012 U.S. Dist LEXIS 104834 (S.D. Fla. 2012) (granting motion to exclude expert testimony for Plaintiff's failure to comply with federal rules). A court considers four factors when determining whether a party was substantially justified in its failure to disclose information: (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Jones v. Royal Caribbean Cruises, Ltd.*, Case No: 12-cv-20322-EGT, D.E. 149 (S.D. Fla. Apr. 4, 2013).

Here, Plaintiff cannot establish any substantial justification for her failure to disclose this highly important information. Indeed, Plaintiff has provided neither the substance of the opinions, nor the basis thereof. "Nothing causes greater prejudice than to have to guess how and why an adversarial expert reached his or her conclusion." *Reed v. Binder*, 165 F.R.D. 424, 430 (D. N.J. 1996). Indeed, the most important element of a Rule 26 analysis is whether the report contains a complete statement of opinions and basis therefor. Defendant RCCL would be highly prejudiced if Plaintiff is allowed to present previously undisclosed expert evidence on the eve of trial that should have been disclosed long ago. Defendant advised Plaintiff that Dr. Zahn's expert disclosure was incomplete and even went so far as to specifically provide Plaintiff with a roadmap on how to correct her insufficient disclosures (i.e. by providing the substances of his opinions, not just a list of topics). Ex. 3. Plaintiff, however, has refused to offer any additional disclosures. Litigation is no longer about ambush tactics. The Rules of Civil Procedure, trial

orders, and discovery deadlines are maintained in order to prevent last minute surprises, such as previously undisclosed expert testimony at trial. Plaintiff should not be allowed to produce any evidence in violation of these mandates. Accordingly, Plaintiff should be precluded from presenting any expert testimony from Dr. Zahn based upon her failure to comply with this Court's Trial Order and the mandates of Rule 26.

## II.   PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING ANY EXPERT TESTIMONY FROM HER TREATING PHYSICIANS

"[A] plaintiff may not avoid the requirements of providing an expert report by simply indicating that his/her expert is a treating physician. Instead, Rule 26 focuses on the substance of the testimony rather than the status of the witness." *Graham v. Burns,* 2007 U.S. Dist. LEXIS 49682 (S.D. Ga. 2007) quoting *Schneider v. Hertz Corp.,* 2007 U.S. Dist. LEXIS 33294, 2007 WL 1362743 at * 1 (M.D.Fla. 2007).

### a.   Permissible Testimony from Treating Physicians Without Expert Reports

Since no expert reports have been disclosed from any treating physician in this case, any treating physician(s), including Dr. Zahn, called by Plaintiff Button at trial should be precluded from introducing any evidence which falls into the realm of expert testimony. Non-expert (or lay) witnesses, such as treating doctors, may only testify to opinions or inferences "which (a) are rationally based on the perception of the witness, and (b) are helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) are not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701; *U.S. v. Henderson,* 409 F.3d 1293 (11th Cir. 2005). Subsection (c) was added to Rule 701 in 2000, in an attempt to limit the admission of expert testimony under the guise of lay opinion. FED. R. EVID. 701, Adv. Comm. note to 2000 Amendment (noting that the amendment was aimed at

"eliminat[ing] the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing").

To be sure, a plaintiff's treating physicians may testify at trial as lay witnesses without being disclosed as experts (and without filing an expert report) pursuant to Rule 26 when – and only when – the treating physician testifies as a fact witness whose opinion is based on facts of which the physician has personal knowledge, such as his own treatment of the plaintiff. *U.S. v. Henderson,* 409 F.3d 1293, 1300 (11th Cir. 2005) *citing Davoll v. Webb,* 194 F.3d 1116, 1138 (10th Cir. 1999) ("A treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party.") and *Weese v. Schukman,* 98 F.3d 542, 550 (10th Cir. 1996) (commenting that doctor's lay opinions "were based on his experience as a physician and were clearly helpful to an understanding of his decision making process in the situation."); *see also Schneider v. The Hertz Corp.,* 2007 U.S. Dist. LEXIS 33294 (M.D. Fla. 2007). However, when a treating physician's testimony proceeds into opinions which are not based on personal knowledge or the treatment by that physician of the plaintiff, such testimony enters the area of expert testimony.

Permissible lay testimony of a physician includes the diagnosis of the plaintiff's injury. *U.S. v. Henderson,* 409 F.3d 1293, 1300 (11th Cir. 2005). The course of treatment performed by the physician on the plaintiff would also be permissible. Conversely, non-permissible lay testimony of a treating physician includes opinions as to the cause of the injury. *Id.* Non-permissible lay-physician testimony also includes testimony regarding future medical care and treatment as well as testimony prepared in anticipation of litigation, including testimony as to medical records and opinions from other medical providers and testimony as to future impairments.

### b. Treating Physicians who are Deemed Retained Experts are Required to Provide Expert Reports

The commentary to Rule 26 distinguishes between retained experts (who must provide reports) and witnesses providing expert testimony because of their involvement in the facts of a case (no reports required): "A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." *Graham v. Burns,* 2007 U.S. Dist. LEXIS 49682 (S.D. Ga. 2007) *citing* FED. R. CIV. P. 26, cmt. 1993 Amendments, subdivision (a)(2)(B). Thus, a treating physician is exempt from Rule 26(a)(2)(B)'s reporting requirements to the extent his opinions are "related to information disclosed during the care and treatment of plaintiff." *Id. quoting Brown v. Best Foods,* 169 F.R.D. 385, 389 (N.D.Ala. 1996).

Contrast the treating physician who provides opinions related to information disclosed during his treatment of the plaintiff with the treating physician who reviewed another doctor's medical records in order to opine on the appropriateness of the treatment provided. In the second scenario (reviewing another doctor's medical records) the treating physician would be considered "retained" within the meaning of Rule 26(a)(2)(B) and would be required to issue a Rule 26 report. *Graham v. Burns,* 2007 U.S. Dist. LEXIS 49682 (S.D. Ga. 2007). Accordingly, a treating physician whose opinions are not based on his personal knowledge – that is, his actual treatment of the plaintiff – is a "retained expert" and must provide a written expert report.

### c. Expert Report must include all Facts or Data Considered by the Expert Witness in Forming the Opinions

The 2010 Amendments to Rule 26 provide that the mandated expert reports include "facts or data considered by the witness in forming" the opinions to be offered.[3] FED. R. CIV. P. 26, cmt. 2010 Amendments, subdivision (a)(2)(B). This refocus of disclosure on "facts or data"

---

[3] The former rule (as amended in 1993) required disclosure of "data or other information" relied upon by the expert in forming opinions.

was meant to limit disclosure of mental impressions (as well as work-product privilege objections impeding disclosures). *Id.* Simultaneously, "the intention is that 'facts or data' be interpreted broadly to require disclosure of *any material considered by the expert, from whatever source, that contains factual ingredients.*" *Id.* (emphasis added). This extends to any facts or data "considered" by the retained expert in forming the opinions to be expressed, not only those relied upon by the expert. *Id.* Thus, if a treating physician reviews and considers the medical records of another treating physician in forming his or her opinions, these "facts or data" must be disclosed in the expert's report. Similarly, if a treating physician relies on impairment guidelines issued by the American Medical Association in reaching an impairment rating ascribable to the plaintiff-patient, these "facts or data" must also be disclosed in the expert report.

### d. Plaintiff Should be Precluded from Introducing any Expert Testimony from any Treating Physician who is Deemed to be a Retained Expert

Plaintiff Button failed to provide an expert report for Dr. Zahn; as such, Plaintiff's expert disclosure failed to comply with Rule 26. Defendant RCCL has relied on Plaintiff's non-production of an expert report – despite Defendant's multiple requests for additional disclosures and specific directives to Plaintiff as to the insufficiency of her disclosure – to mean that Dr. Zahn will testify only to those opinions based on his personal knowledge of the treatment he personally provided to Plaintiff Button. This is so because to the extent that Dr. Zahn relied on medical records or any impairment guidelines he did not author in forming his opinions, Dr. Zahn becomes a retained expert who is required to produce a signed expert report containing all of the information he expects to testify to.

Said another way, the testimony of a treating physician as a non-retained expert who is not required to provide a report must be limited to his personal treatment of the Plaintiff and may not rely on any information not disclosed in his medical reports nor may it rely on his review of

the medical records of any other treating physician. Dr. Zahn was not required to determine the cause of Plaintiff's injury in order to treat her; as such, the issue of causation falls outside of his personal knowledge and treatment and an expert report was required if Dr. Zahn intended to testify as to causation. In summary, despite naming Dr. Zahn as an "expert witness" Plaintiff has not produced a Rule 26 compliant expert report. To the extent Dr. Zahn is deemed to be a retained expert, i.e. to the extent that his opinions exceed those opinions which directly relate to his personal treatment of the Plaintiff, the testimony should be precluded at trial.

### III. DR. ZAHN HAS NOT MET THE DISCLOSURE REQUIREMENT FOR NON-RETAINED EXPERTS

Defendant anticipates Plaintiff will argue Dr. Zahn's testimony should not be precluded because he is a non-retained expert without a report requirement. Even if this Court agrees with that position, Plaintiff has failed to provide proper disclosures for non-retained experts and, as such, Dr. Zahn's testimony must still be limited. Indeed, even treating physicians who are deemed "non-retained" are still required to provide their expert disclosure under Rule 26(a)(2)(C) if they are going to testify as an expert under FED. R. EVID. 702. *Jones v. Royal Caribbean Cruises, Ltd.,* Case No: 12-cv-20322-EGT, D.E. 149 (S.D. Fla. Apr. 4, 2013) *quoting Cruz v. U.S.,* 2013 EL 246763, *5; 2013 U.S. Dist. Lexis 8538, *12 (S.D. Fla. Jan. 22, 2013) (excluding treating physician's statements as experts opinions because they failed to comply with either Rule 26(a)(2)(B) or 26(a)(2)(C), but noting that they may testify as lay witnesses). At a minimum, in this case Plaintiff was required to provide a disclosure for Dr. Zahn in accordance with Rule 26(a)(2)(C), which provides:

> Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

FED. R. CIV. P. 26(a)(2)(C).

This subdivision of Rule 26 was added "to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide expert reports under Rule 26(a)(2)(B)." *Jones*, Case No: 12-cv-20322-EGT, D.E. 149, n. 2 *citing* FED. R. CIV. P 26(a)(2)(C) (2010 Advis. Comte. Notes). Indeed, "Rule 26(a) generally serves to allow both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." *Fielden v. CSX Transport, Inc.,* 482 F.3d 866, 871 (6th Cit 2007) *quoting Sherrod v. Lingle,* 223 F.3d 605, 613 (7th Cir. 2000). Accordingly, proper expert disclosures are not merely a suggestion; compliance with the Rule 26 disclosures is paramount and mandatory. *Reese v. Hebert,* 527 F.3d 1253, 1266 (11th Cir. 2008) ("the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, [thus,] compliance with the requirements of Rule 26 is not merely aspirational.").

Here, Plaintiff's expert disclosure fails to comply with even the minimal mandates of Rule 26(a)(2)(C). Dr. Zahn's disclosure simply provides a laundry list of subject matters on which he is expected to testify. Ex. 1. The disclosure fails to provide "a summary of the facts and opinions" to which Dr. Zahn is expected to testify. Indeed, the reader of Dr. Zahn's expert disclosure has no idea what opinion he will offer or on what facts the doctor will base those opinions. Moreover "the fact that Plaintiff provided all of [her] medical records to Defendant does not mean that Plaintiff has fulfilled the 'summary of facts and opinions' prong of Rule

26(a)(2)(C)." *Jones*, Case No: 12-cv-20322-EGT, D.E. 149, pg. 8. As Judge Torres has noted, "Allowing medical records to be submitted in lieu of a summary would invite a party to dump voluminous medical records on the opposing party, contrary to the rule's attempt to extract a summary." *Id.* (internal quotations omitted). As in *Jones*, here "Plaintiff's attempt to comply with Rule 26 was too abbreviated to provide Defendant with any insights as to the pivotal parts of [Dr. Zahn's] testimony." *Id.* To be sure, Plaintiff has failed to even list causation as one of the subject matters on which Dr. Zahn is expected to testify! Ex.1. As such, Plaintiff's disclosure is insufficient under Rule 26(a)(2)(C)(ii) and Dr. Zahn should be precluded from offering any expert testimony under Rule 702.

### IV. SPECIFIC AREAS OF TESTIMONY THAT SHOULD BE PRECLUDED PURSUANT TO PLAINTIFF'S FAILURE TO PROVIDE PROPER RULE 26 EXPERT DISCLOSURES

#### a. Future Medical Care and Treatment

In order to be admissible, expert opinions regarding future medical care must meet the minimum standard of 'within a reasonable degree of medical certainty.' *See Robertson v. Emory Univ. Hosp.*, 611 F.2d 604, n. 13 (5th Cir. 1980) (plaintiff must establish defendant's negligence is the proximate cause of plaintiff's condition within a reasonable degree of medical certainty); *see also Dabros by Dabros v. Wang*, 243 Ill App. 3d 259, 611 N.E. 2d 1113, 1117 (Ill. 1st DCA 1993) ("While it is clear that an expert witness may not guess or state an opinion which is based merely on speculation of conjecture, the testimony of a medical expert need not be based on absolute certainty, but only a reasonable degree of medical and scientific definiteness") (internal citations and quotations omitted). Although treating physicians may testify as to their own observations during treatment, testimony regarding future medical treatment supported within a reasonable degree of medical certainty is "based on scientific, technical, or other specialized

knowledge," thus requiring expert testimony and disclosures. *Gordon v. Wal-Mart Supercenter*, 2009 U.S. Dist. LEXIS 106601 (S.D. Ala. 2009) (granting motion in limine excluding testimony regarding future medical care needs by treating physicians where plaintiff failed to identify treating physicians in expert disclosures and failed to produce expert reports); *Gilmore v. Wwl-Tv, Inc.*, 2002 U.S. Dist. LEXIS 24026, 6-8 (E.D. La. 2002) (excluding expert testimony by treating physician regarding future medical care not memorialized in writing and timely disclosed pursuant to FED. R. CIV. P. 26(a)(2)).

In this case, Plaintiff failed to provide an expert report for Dr. Zahn. Moreover, although Plaintiff listed 'recommendation, physical limitations, permanent nature, disability, and short/long term consequences of her shoulder injury and surgery" as areas of testimony, Plaintiff has not provided any sort of summary of the actual opinions which Dr. Zahn is expected to provide. For example, Defendant has no idea what Plaintiff Button's physical limitations are or whether her injuries are permanent in nature from Plaintiff's disclosure. Moreover, none of Dr. Zahn's medical records suggest Plaintiff will require future care and treatment or that she will suffer and future disability or limitation. Ex. 1. Indeed, the most recent medical record of December 3, 2012 indicates Plaintiff will "follow-up as needed." *Id.* at 63. The fact is Plaintiff has not produced any medical records indicating Plaintiff Button needs <u>any</u> future medical care as a result of the incident alleged in the Complaint, let alone stating it is reasonably necessary that she will require such care or suffer such disability or limitation. To the contrary, the only record evidence in this matter indicates Button "has reached maximum medical improvement without any permanent impairment or permanent injury as it relates to the incident that occurred on 10/09/11. No future care is anticipated." *See* Expert Report of Dr. Jerry Sher, attached as Exhibit 4, pg 4. Accordingly, there is nothing either in Plaintiff's disclosures or in the evidence

which would alert Defendant as to the type of future medical care or treatment (or future disabilities, permanency, etc.) Plaintiff may require as a result of the alleged shipboard incident. Defendant has been deprived of meaningful disclosures and will be unfairly vulnerable to ambush at trial. Accordingly, any testimony as to these issues must be precluded.

### b. Causation

Opinions as to causation require medical expert testimony. *See Graham v. Burns*, 2007 U.S. Dist. LEXIS 49682 (S.D. Ga. 2007) *citing U.S. v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (finding that opinions as to the cause of an injury are not helpful to a clear understanding of the physician's decision making process and do not pertain to the plaintiff's treatment). "[T]estimony regarding causation will not be allowed unless the determination of causation was necessary for treatment and their opinions are helpful to a clear understanding of the witnesses' testimony. *Straw v. Aquatic Adventures Mngmt. Group, Inc.,* 2011 U.S. Dist. LEXIS 140744 (N.D. Fla. 2011) *citing U.S. v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005). Indeed, only when "a treating physician must determine the cause of his patient's injury in order to treat him" is the "physician's testimony on that issue … permissible as lay testimony." *Graham v. Burns,* 2007 U.S. Dist. LEXIS 49682 (S.D. Ga. 2007) *citing U.S. v. Henderson,* 409 F.3d 1293, 1300 (11th Cir. 2005) (finding that opinions as to the cause of an injury are not helpful to a clear understanding of the physician's decision making process and do not pertain to the plaintiff's treatment). However, as Judge Torres has observed, "Lay testimony is legally insufficient to support a finding of causation where the medical condition involved is not readily observable. There is no good faith exception to this requirement." *Jones,* Case No: 12-cv-20322-EGT, D.E. 149, pg. 13 (S.D. Fla. 2013) (internal citations and quotations omitted).

First – and perhaps most important to this issue – is the fact that Plaintiff failed to list

"causation" as one of the subject matters on which Dr. Zahn is expected to testify. Ex. 1.

Notwithstanding, to the extent this Court will presume Plaintiff intended to elicit causation testimony from Dr. Zahn, the Court should note there is no evidence in this case causally linking Plaintiff Button's claimed shoulder injury to the alleged shipboard accident. To the contrary, the only record evidence in this matter states it is "unlikely that [Button's] shoulder complaints are causally related to the incident that occurred on 10/09/11." Ex. 4, pg 4.

Moreover, Plaintiff's alleged shoulder injury cannot possibly be deemed the result of a "readily observable" medical condition. Plaintiff's shipboard medical records from the date of the accident make no reference to Plaintiff's shoulder. *See* Plaintiff's shipboard medical records (attached as Exhibit 5). In fact, the first reference to left shoulder pain occurs 40 days after the alleged shipboard accident. *See* Medical Record of Dr. Jianye Teng, dated 11/18/11 (attached as Exhibit 6, pg 1). This is not a "readily observable" situation where the cause of the injury is clear, such as where an individual had no broken arm before a car accident and then, immediately after the car accident, was diagnosed with a broken arm at the emergency room. As such, Plaintiff was required to properly disclose medical expert testimony as to causation. Because Plaintiff has failed to disclose her intention that Dr. Zahn would testify as to causation, this testimony must be precluded.

### c. Testimony Prepared in Anticipation of Litigation

A treating physician does not need to submit an expert report if their planned testimony was not acquired in preparation for trial. *Baratta v. City of Largo,* 2003 U.S. Dist. LEXIS 27628, *6 (M.D. Fla. 2003). If, however, "the treating physicians testifies on information gathered outside the course of treatment and the party does not file a Rule 26(a)(2)(B) report as to that testimony, it may be excluded." *Id.* at *7. Citing *Baratta,* the Northern District excluded portions

of a treating physician's testimony because "the close temporal proximity to the discovery deadline and to the videotaped deposition indicates that the information was provided nor for diagnosis and treatment, but in preparation for litigation." *Straw v. Aquatic Adventures Mngmt Group, Inc.,* 2011 U.S. Dist. LEXIS 140744 (N.D. Fla. 2011).

Any testimony from Dr. Zahn commenting on medical care or treatment provided to Plaintiff Button by other medical providers (and the associated costs thereof) must be precluded as this testimony is clearly prepared in anticipation of litigation and, further, requires the issuance of an expert report. *See e.g. Brown v. Best Foods,* 169 F.R.D. 385, 389 (N.D. Ala. 1996) ("a treating physician requested to review medical records of another health care provider in order to render opinion testimony concerning the appropriateness of the care and treatment of the provider would be specifically retained notwithstanding that he also happens to be the treating physician"); *Graham v. Burns,* 2007 U.S. Dist. LEXIS 49682 (S.D. Ga. 2007) (same); *see also Patel v. Gayes,* 984 F.2d 214, 218 (7th Cir. 1993) (treating physician's opinion on the general medical standard of care in the community is subject to the Rule 26 requirements of disclosure because it was formulated in preparation for litigation and not based on his observation during the course of treatment). Plaintiff's disclosures, however, clearly indicate Dr. Zahn will rely on not only medical records from other physicians in forming his opinions, but also on non-medical evidence, *i.e.* depositions. Ex. 1 ("Dr. Zahn's testimony will be based on his review of all of Plaintiff's medical records, operative reports, depositions, diagnostic films, MRI reports and his personal knowledge, training, education and experience."). To be sure, any opinions formed in reliance on depositions and other physicians' medical records are surely created in anticipation of litigation. They must be excluded.

Similarly, Dr. Zahn's opinions as to future medical care were also created in anticipation of litigation. Indeed, the absence of comments as to Dr. Zahn's recommendations for future care, physical limitations of the Plaintiff, the permanency of her injuries, any disability or short/long term consequences she may suffer as a result of her shoulder injury in Dr. Zahn's medical records compared with the recent development of opinions on this matters indicates the opinions were created at behest of Plaintiff's counsel[4] and/or in anticipation of litigation; they must be precluded.

### d. Request for a *Daubert* Hearing

To the extent this Court is not convinced that Dr. Zahn's opinions were created in anticipation of litigation, Defendant requests a *Daubert* hearing. While *Daubert* hearings are not required by law or by rules of procedure, they are almost always fruitful uses of the court's time and resources to assist in making the reliability determination required under Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). *See also City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 564, n.21 (11th Cir. 1998), cert. denied, 528 U.S. 812 (1999); *Padillas v. Stork-Gamco, Inc.* 186 F.3d 412, 417 (3d Cir. 1999) ("We have long stressed the importance of in limine hearings under Rule 104(a) in making the reliability determination required under Rule 702 and *Daubert*…"). Holding a *Daubert* hearing where Dr. Zahn can be called on to testify as to whether and which opinions he formed in preparation of trial will allow this Court to further evaluate the bases of his opinions. For example, if Dr. Zahn testifies that he only provides impairment ratings for worker's compensation cases or cases in litigation, then it will be clear that such opinions were prepared in anticipation of litigation and as such, must be precluded.

---

[4] We know that Plaintiff's counsel has at least attempted to schedule a telephone conference with Dr. Zahn. [D.E. 81-1]

*Button v. RCCL*
Case No.: 12-23624-CIV-UNGARO

**WHEREFORE**, Defendant RCCL respectfully requests that this Honorable Court limit Dr. Zahn's testimony to fact witness testimony and preclude Dr. Zahn from testifying as an expert, including preclusion of testimony as to future medical care and treatment, causation, and testimony prepared in anticipation of litigation, in addition to any other relief this Court deems just and equitable.

## CERTIFICATE OF GOOD FAITH

The undersigned has conferred with opposing counsel. Plaintiff has failed to produce proper expert disclosures for Dr. Zahn.

*Button v. RCCL*
Case No.: 12-23624-CIV-UNGARO

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2013 I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached service list either via transmission Notices of Electronic Filing generated by CM/ECF or by mail for counsel or parties who are not authorized to receive Notices of Electronic Filing.

**Respectfully submitted,
McALPIN CONROY, P.A.**
80 Southwest 8th Street, Suite 2805
Miami, Florida 33130
Telephone: 305-810-5400
Facsimile: 305-810-5401

By: ___s/.Richard J. McAlpin___
RICHARD J. McALPIN
Florida Bar No.: 438420
rmcalpin@mcalpinconroy.com
KASSANDRA C. DOYLE
Florida Bar No.: 68645
kdoyle@mcalpinconroy.com

## Service List

***Wendy Button v. Royal Caribbean Cruises, Ltd.***
Case No.: 1:12-cv-23624-UU
United States District Court, Southern District of Florida, Miami Division

Philip M. Gerson, Esq.
person@gslawusa.com
Edward S. Schwartz
eschwartz@fslawusa.com
Nicholas I. Gerson, Esq.
ngerson@gslawusa.com
*Attorneys for Plaintiff*
Gerson & Schwartz, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000